IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TARA BAHADUR MALLA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | )   1:08cv1319 (JCC) |
| | ) |
| HAYMA RAJAMANI et al., | ) |
| | ) |
|    Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff Tara Bahadur Malla's ("Malla") Motion to Strike Defendants' Answer. For the reasons stated below, the Court will deny the motion.

**I.  Background**

Malla sued his former employers, Hayma Rajamani ("Rajamani"), Dharmender Rai ("Rai"), and Gunga Jumna International, Inc., trading as Taj Palace ("Taj Palace") (collectively, "Defendants").  His complaint (the "Complaint") alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by not paying him overtime.

Malla filed the Complaint on December 19, 2008.  On January 16, 2009, defendants Rajamani and Taj Palace were served with the Complaint.  *See* Malla Mot. at Exs. A-B.  Defendants Rajamani and Taj Palace submitted their Answer on February 6, 2009 – 21 days after they were served with the Complaint, and one

day after the 20-day deadline for filing responsive pleadings under Rule 12(a)(1)(A)(i).  Malla asks the Court to strike the Answer as untimely filed and requests attorney's fees for his motion.  Malla is also in the process of seeking a default judgment against Defendants.  *See* Malla Request for Entry of Default [13].

Defendants Rajamani and Taj Palace oppose the motion to strike, citing judicial economy and a general judicial preference to have cases decided on the merits.  They request leave of the Court to file the Answer docketed on February 6.

Malla submitted the motion to strike on February 18, 2009.  Defendants Rajamani and Taj Palace opposed the motion on February 23rd.  The motion to strike is before the Court.

## II. Analysis

Rule 12(f) allows a district court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike a defense is, however, considered "a drastic remedy which is disfavored by the courts and infrequently granted."  *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W.Va. 1993); *see Mitchell v. First Central Bank, Inc.*, 2008 WL 4145449, at *1-2 (N.D. W.Va. Sept. 8, 2008); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991).  "Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often

denied in absence of a showing of prejudice to the moving party." *Clark*, 152 F.R.D. at 70 (internal quotations and citations omitted).

Other courts that have considered a motion to strike based on the late filing of an answer have rejected the motion as a remedy unjustified by the circumstances. In *Mitchell*, the court refused to strike an answer to a counterclaim that was ten days late, citing the lack of prejudice that the delay caused the moving party. 2008 WL 4145449, at *2.

In *Canady v. Erbe Elektromedizin, GmbH*, 307 F. Supp. 2d 2 (D. D.C. 2004), the court refused to strike an answer to a counterclaim that was filed more than six months late. 307 F. Supp. 2d at 8. While recognizing that it had the power to do so, *see Cobell v. Norton*, 213 F.R.D. 42 (D. D.C. 2003), the court in *Canady* reasoned that granting the motion to strike would allow the moving party to seek a default and avoid resolving the case on the merits – an outcome it would not sanction. 307 F. Supp. 2d at 8. In support, the *Canady* court cited *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980), which noted that courts "strongly favor resolution of disputes on their merits." The Fourth Circuit also strongly favors the resolution of cases on their merits. *United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003); *see United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). In *Mraz*, the district court excused a

3

*pro se* defendant's three-week-late answer, citing the lack of prejudice to the government and the Fourth Circuit's preference that cases be decided on the merits.

The facts in the present case that favor the motion to strike are even weaker than those in *Mitchell* or *Canady*. Here, the Answer was only one day late and its tardiness did not prejudice Malla in the least. Moreover, granting the motion to strike would allow the plaintiff to avoid resolving his case on the merits. The Court will not sanction such an outcome.

Finally, Malla provided no argument or justification for an award of attorney's fees for this motion. The Court finds that an award of fees in this matter would be inappropriate.

### III. Conclusion

For the reasons stated above, the Court will deny Malla's Motion to Strike and request for attorney's fees.

An appropriate Order will issue.


April 1, 2009                                    /s/
Alexandria, Virginia                   James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE